UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMSES DAVIS                      )
                                  )
       Plaintiff,                 )
                                  )
       v.                         )   Civil Case No. 12-72 (RJL)
                                  )
ICI SERVICES CORPORATION          )
                                  )
       Defendant.                 )

## MEMORANDUM OPINION
(July 8, 2013) (Dkt. #26)

Plaintiff Rames T. Davis (plaintiff or "Davis") filed the instant action, *pro se*, on January 18, 2012, alleging discrimination and defamation against Defendant ICI Services Corporation (defendant or "ICI"). Before the Court is defendant's Motion for Summary Judgment. *See* Def.'s Mot. Summ. J. [Dkt. #26-1]. Upon consideration of the parties' pleadings, applicable law, and the entire record in this case, the Court GRANTS defendant's motion.

### BACKGROUND

Defendant ICI, headquartered in Virginia Beach, Virginia, is a federal contractor for the Pentagon Reservation providing secure mail processing services. Def.'s Mot. Summ. J. at 1. Plaintiff worked for ICI as a mail screener at the Pentagon for almost three years. *See* Ex. 1 to Def's Mot. Summ. J. (Dawn Morgan Aff.) [Dkt. #26-2] at ¶

1

4(b). Plaintiff had to obtain a Secret Clearance in order to perform this job. *See id.* at ¶ 4(i). Plaintiff also certified that he would comply with ICI's Code of Business Conduct and Ethics ("Code"). *See* Ex. 9 to Def.'s Mot. Summ. J. (Compliance Certifications) [Dkt. #26-10]. In particular, the Code states that, "[e]mployees' business conduct must comply fully with all laws" especially "those . . . that protect our nation's security and safeguard our nation's secrets." *See* Ex. 8 to Def.'s Mot. Summ J. (Code of Business Conduct & Ethics) [Dkt. #26-9] at 1, 7. The Code further states that ICI will take disciplinary action including suspension or termination of any employee who violates the law or the company's standards. *See id.* at 11.

In late June or early July of 2011, Plaintiff took pictures with his personal cell phone inside one of the Pentagon mail trailers despite having been advised that "unauthorized photography is prohibited" at the Pentagon. *See* Ex. 10 to Def.'s Mot. Summ J. (Initial Administrative Inquiry Report) [Dkt. #26-11]; Ex. 4 to Def.'s Mot. Summ. J. (Exemplar of Security Posting) [Dkt. #26-5]. Indeed, federal law prohibits the use of any visual recording devices on the Pentagon Reservation without special authorization. 32 C.F.R. § 234.15.

On July 7, 2011, ICI reported the incident to the Pentagon Force Protection Agency ("PFPA") and placed plaintiff on leave while ICI conducted an Administrative Inquiry. *See* Ex. 1 at ¶ 4(l). Davis' conduct was determined to be an intentional security violation and he was terminated on July 14, 2011. *See id.* at ¶ 4(m)–(n); Ex. 10 at 1.

2

Plaintiff made a statement to the PFPA after his termination. *See* Ex. 11 to Def.'s Mot. for Summ J. (Sworn Statement) [Dkt. #26-12]. Plaintiff admitted to taking the picture but claims he was unaware of the laws and policies prohibiting this action. *See id.* at 1–2.

## STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is proper where the pleadings, stipulations, affidavits, and admissions in a case show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## ANALYSIS

In this Title VII disparate-treatment suit, the ICI asserted a legitimate, non-discriminatory reason for plaintiff's termination—namely, that plaintiff committed a major security violation. Accordingly, the Court "need not—*and should not*—decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas*." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). The appropriate inquiry is whether a reasonable jury could find that ICI's asserted

non-discriminatory reason was a pretext and ICI intentionally discriminated against plaintiff. *See id.* Drawing all justifiable inferences in favor of the plaintiff, I conclude that no reasonable jury could find that plaintiff's race, rather than his unauthorized picture taking, constituted ICI's reason for terminating plaintiff. ICI produced an Affidavit from the Vice President and Director of Human Resources for ICI stating that plaintiff was terminated for taking and sending photographs with his cell phone while on the Pentagon Reservation. *See* Ex. 1 to Def.'s Mot. Summ. J. at ¶ 4(n). ICI submitted additional supporting evidence that the incident was thoroughly and independently investigated, *see* Ex. 10 to Def.'s Mot. Summ. J., and plaintiff's actions violated ICI's Code of Business Conduct and Ethics, which he signed on two separate occasions, *see* Exs. 8 and 9 to Def.'s Mot. Summ. J.

Plaintiff admits that he took and sent photographs with his cell phone on the Pentagon Reservation without authorization. *See* Ex. 11 to Def.'s Mot. Summ. J. at 1. Plaintiff's arguments for discrediting ICI's asserted non-discriminatory reason for terminating him are that: (1) a white female employee with less experience than plaintiff received more favorable treatment from ICI; (2) white male supervisors made threatening remarks to plaintiff; and (3) the ICI Vice President of Human Resources was unresponsive to plaintiff's complaints. *See* Compl. He also alleges that other ICI employees took unauthorized photographs without facing adverse employment action. *See* Ex. 11 at 1–2. Because these allegations are entirely conclusory and lack proper

support in the record, summary judgment must be GRANTED in favor of defendant on the issue of racial discrimination.

To make out a claim for defamation under D.C. law, plaintiff must prove that (i) a false and defamatory statement was made about him; (ii) published to a third party; (iii) negligently; and (iv) plaintiff suffered either actual or legal harm. *See Crowley v. North Am. Telecommunications Ass'n,* 691 A.2d 1169, 1173 n. 2 (D.C.1997). Plaintiff cannot establish a claim for defamation against ICI where the information ICI communicated to PFPA was the truth, as plaintiff readily admitted. Furthermore, ICI was duty bound to inform PFPA that plaintiff had taken a photograph with his cell phone on the Pentagon Reservation without authorization. Accordingly, summary judgment must be GRANTED in favor of defendant on the issue of defamation.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge